**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

---

T.W.

        Plaintiff,

v

BRIAN HELFERT,
KENNY MARKS,                                                     CASE NO.:
MENOMINEE COUNTY,

        Defendants.

_____/

Andrew J. Schwaba (P80014)
SCHWABA LAW FIRM LLC
Attorneys for Plaintiff
962 First Street
Menominee, MI 49858
Telephone: 906.424.4661
aschwaba@schwabalaw.com

---

        Plaintiff, T.W., by his attorneys, Schwaba Law Firm, brings this Complaint against Defendants Brian Helfert, Former Menominee County Sheriff Kenny Marks, and Menominee County, and respectfully alleges as follows:

**<u>INTRODUCTION</u>**

1.     Since approximately 2013, Defendant Brian Helfert used his position as a Menominee County Sheriff's Deputy and School Resource Officer to groom, assault and rape Menominee County children in a repeated, systematic manner. These assaults relied upon and occurred in Menominee County offices, and vehicles and often occurred while Deputy

1

Helfert was in uniform and armed. The Plaintiff was one of those child victims, subjected to repeated and longstanding rape and sexual abuse by Deputy Helfert through 2013 to 2019.

2.  Plaintiff seeks accountability for Deputy Helfert's predatory actions, as well as for the complicit and negligent actions of Menominee County through the Menominee County Sheriff's Department. Plaintiff brings this Complaint for violations of rights secured to Plaintiff by the Constitution of the United States, including but not limited to his Fifth and Fourteenth Amendment due process rights to bodily integrity and freedom from sexual abuse and bodily intrusions by state actors, including the right to be free from unjustified and excessive force utilized by police, his Fourth Amendment right to be free from unlawful seizure of his person as well as rights guaranteed to him by Michigan law.

## II. JURISDICTION AND VENUE

3.  Plaintiff brings this action pursuant to 42 U.S.C. § 1988. Jurisdiction is based on 28 U.S.C. § 1331 (federal question), § 1343 (civil rights), and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear claims arising under state law, including but not limited to Michigan Compiled Laws.

5.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to claims arose in the Western District of Michigan, and because Defendants reside in the District.

## PARTIES

6.  Plaintiff, T.W., is and was at all times material, a resident of Menominee County. Now having reached the age of majority, at all times material, Plaintiff was a minor under the age

of 18 subject to the following sexual assault and battery at the hands of Defendant Helfert as described below. Due to the sensitive and shocking nature of Defendants' actions involving the Plaintiff and for purposes of confidentiality, Plaintiff's complete identity is being withheld from public view, as Plaintiff will file a Motion to proceed pseudonymously for the court's review.

7.    Defendant BRIAN HELFERT was at all times material, a resident of Menominee County although he currently resides at the Marquette Branch Prison in Marquette, Michigan, and previously was a deputy officer of the Menominee County Sheriff's Department in Menominee County, Michigan and who engaged in inappropriate contact with, groomed, and sexually assaulted the Plaintiff, T.W., while the Plaintiff was a minor child using his authority as a Menominee County Sheriff's Deputy officer. He is sued in his personal and official capacities.

8.    Defendant KENNY MARKS is an adult resident of the Western District of Michigan and at all times material was the Sheriff of Menominee County from 2012 to 2020. Defendant Marks was responsible for the supervision, administration, policies, practices, procedures, and customs of the Menominee County Sheriff's Department. At all times material, he was responsible for the hiring, training, supervision, discipline, and control of the Menominee County Sheriff's office's staff, supervisors, and deputies from 2012 to 2020. He is sued in his personal and official capacities.

9.    Defendant Menominee County is a political subdivision of the State of Michigan. It operates the Menominee County Sheriff's Department, a law enforcement agency operating within the Western District of Michigan which employed and controlled the Officer-Defendants in this matter and was responsible for the hiring, training, supervision and discipline of the

officers. Menominee County, through its Sheriff's Department, also created, instituted, and oversaw enforcing the policies and procedures at issue in this case and was responsible for creating and instituting policies and procedures that would have protected the Plaintiff had they been instituted.

## POLICE SEXUAL ABUSE WAS A SEVERE RISK WIDELY RECOGNIZED THROUGHOUT THE LAW ENFORCEMENT COMMUNITY

10.    Police sexual misconduct is often considered a hidden crime that routinely goes unreported. Victims may not report instances of police sexual misconduct to authorities because they feel humiliated or they may fear retaliation.[1] Victims may also encounter barriers to filing a complaint since that process can be unnecessarily difficult and/or intimidating.[2] Victims may also encounter barriers to filing a complaint since that process can be unnecessarily difficult and/or intimidating.[3]

11.    In a national scale study of arrested officers, Bowling Green State University found that police sexual misconduct includes serious forms of sex-related crime and that victims of sex related police crime are typically younger than 18 years of age.[4]

12.    Police commonly encounter citizens who are vulnerable, usually because they are victims, criminal suspects, or perceived "suspicious" and subject to the power and coercive authority granted to police.[5]

13.    Findings suggest that police sexual violence is a "pattern prone" offense that often involves recidivist officers who victimize multiple persons and that a striking number of police

---

[1] Philip M. Stinson, John Liederbach, Steven L. Brewer, and Brooke E. Mathna, *Police sexual misconduct: A national scale study of arrested officers* (2014). CRIMINAL JUSTICE FACULTY PUBLICATIONS, Paper 30, p. 1, http://scholarworks.bgsu.edu/crim_just_pub/30.
[2] Id. at 3.
[3] Id.
[4] Id. at 1.
[5] Id. at 2.

accused of sex crimes manage to escape appropriate penalties and maintain police certification by moving from one jurisdiction to another.6

14.    The Bowling Green study identified an unprecedented 548 cases of police sex-related crime – all of them occurring within the 2005-2007 timeframe.7

15.    In many cases identified by researchers, adults allowed police both access and the opportunity to victimize children under their care. Caregivers in many instances may perceive law enforcement officers as "trustworthy" given the occupational status of police, and caregivers may be more likely to afford police officers a level of trust that exceeds the one typically provided other unrelated adults. That is, caregivers may be prone to "let their guard down" in the presence of police.8

16.    According to the national scale study of arrested officers, almost all of the cases involve male officers (99.1%). Most of the cases involved police employed in a patrol or other street-level rank including officers, deputies, troopers, and detectives. There were 73 cases that involved police line and field supervisors including corporals, sergeants, and lieutenants. There were 26 cases that involved police managers and executives including captains, and chiefs, superintendents, and sheriffs.9

17.    Findings indicate most of the known victims are young with most being minors under the age of 18 years.10

---

6 Id. at 7. Researchers utilized what has become the preferred method to conduct news-based content analyses todescribe cases of sex-related police misconduct that happened in small towns, suburbs, and large cities throughoutthe United States. Id. at 24. The study provides some points of discussion in terms of the nature of sexually violentcrimes committed by police, the characteristics of the victims, and the factors that seem to influence the outcome of cases. Id.
7 Id. at 4.
8 Id. at 24.
9 Id. at 26.
10 Id. at 16.

18.    The Stinson study only reflected the reported number of sexually violent crimes committed by police officers. The United States Department of Justice estimates that 80% of rapes and sexual assaults go unreported.[11] Thus, the actual number of sexually violent crimes committed in general, and by police, is drastically higher than the reported number. The Department of Justice advised law enforcement should enact specialized hiring practices that include specialized qualifications and traits. The Department also advised law enforcement agencies to perform specialized training that distinguishes school resource officer duties from the duties of general law enforcement officers. Law enforcement agencies should have robust policies and procedures to prevent officer-perpetrated sexual assault of students.[12]

19.    In a June, 2011 study, the International Association of Chiefs of Police (IACP) recognized that the problem of sexual misconduct by officers warranted the full attention of law enforcement leadership.[13] The IACP recommended that executives proactively address and prevent incident. Law enforcement executives were responsible for establishing and maintaining a healthy culture within their agencies and needed to recognize that elements of law enforcement culture can contribute to the proliferation of sexual misconduct and its subsequent minimization. The problem required leaders to consistently look to identify and prevent even the most subtle forms of misconduct which left unchecked can encourage widespread abuses.[14] The IACP recommended policies that include zero tolerance for on-duty sexual conduct and restrict consensual off-duty sexual activity from occurring on

---

[11] See Rachel E. Morgan and Grace Kena, *Criminal Victimization,* 2016: Revised, U.S. Department of Justice (October 2018), https://www.bjs.gov/content/pub/pdf/cv16.pdf.
[12] United States Department of Justice, Community Oriented Policing Services, *Guiding Principles for School Resource Officer Programs*, December 2024.
[13] IACP – *Addressing Sexual Offenses and Misconduct by Law Enforcement – Executive Guide*, June 2011.
[14] Id. at 4.

department property (within buildings or vehicles).[15] Such policy should also include definitions of various sexual offenses, strategies to prevent sexual misconduct, and specific measures the agency will take to foster professional behavior through proper supervision and training.[16] The recommended specific measures included rigorous background checks and sophisticated training that included how to identify and respond to sexual misconduct by employees.[17]

20.   A 2010 report from the Cato Institute regarding police misconduct found that sexual misconduct was the second most common form of police misconduct reported throughout 2010, with half of the complaints consisting of non-consensual sexual activity such as sexual assault and battery.[18] Over half of the victims of the police sexual assaults were minors.[19] Sexual assault rates were found to be significantly higher, twice the rate of the general population, for police when compared to the general population.[20]

21.   The research group, Strategies for Youth ("SFY") found that any person under the age of 18 engaged in commercial sexual activity should be treated as a victim in need of protection for which special trauma-informed, trafficking specific approaches are required such that officers working with trafficked youth must be alert for signs that youth are being coerced by fear, duress, threats, intimidation and fraud.[21] SFY found that law enforcement were not demonstrating leadership regarding the development of model policies and practices for

---

[15] Id. at 6.
[16] Id. at 7.
[17] Id. at 9.
[18] Cato Institute, National Police Misconduct Reporting Project – 2010 Annual Report, p. 2.
[19] Id.
[20] Id. at 3.
[21] Strategies for Youth, *Where's the State – Creating and Implementing State Standards for Law Enforcement Interactions With Youth*, May 2017, p. 22.

police/youth interactions.[22] SFY recommended that law enforcement agencies develop clear standards to guide police interactions with youth that would also reduce their risk of expensive lawsuits and federal oversight.[23] The standards should be enforceable and binding and become the criteria by which law enforcement agencies and officers who interact with youth are evaluated and promoted.[24] The standards should also be incorporated into the curriculum taught to police cadets and provided to officers in professional development programs that are updated and retaught on a frequent basis.[25]

## MENOMINEE COUNTY POLICIES

22.   Current Menominee County employment policies and procedures consider it a violation for any employee to engage in sexual harassment of the public while on duty or in connection with County assignments, engage in immoral conduct, or engage in unjustified abuse toward the public.[26] Unacceptable conduct included both verbal or physical abuse.[27] Carelessnes or negligence which results in injury to another employee, client or visitor was also unacceptable.[28] Immoral conduct and illegal activity during work or non-work hours was unacceptable.[29] The County defines sexual harassment as "unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature.[30] Visitors are not allowed in the working areas of County employees without the approval of the Department Head.[31]

---

[22] Id. at 23.
[23] Id. at 24.
[24] Id.
[25] Id.
[26] Menominee County Personnel Manual (2024), p. 25.
[27] Id. at 24.
[28] Id.
[29] Id. at 25.
[30] Id. at 28.
[31] Id.

23.  While Menominee County now maintains the above employment policy through a Personnel Manual, those policies, if they existed at the material times of this Complaint, were systematically violated and/or ignored by the Menominee Sheriff's Department such that the de facto policy of the Sheriff's Department at all material times to the Complaint, was to allow sexual misconduct by its deputies.

24.  Menominee County's policy of allowing sexual misconduct was further evinced when the City of Menominee Police Department engaged in an investigation of Defendant Helfert's actions. When the City of Menominee Police Department attempted to investigate Defendant Helfert, Defendant Marks prevented the City of Menominee Police Department from searching Helfert's office and vehicle. Their inability to search Defendant Helfert's office and vehicle prevented the City Police Department from securing valuable and important evidence in the criminal prosecution of Defendant Helfert.

### DEPUTY HELFERT'S HISTORY OF SEXUAL VIOLENCE

25.  Deputy Helfert preyed on students with whom he worked while a school resource officer and Sheriff's deputy. While a tutor, he held one-on-one sessions with a student at Menominee High School. With one student, Deputy Helfert brought a student cream to apply to the student's genitals. Deputy Helfert also touched the student's genitals to "look for lumps," although Deputy Helfert is not a physician and has no medical training.

26.  On multiple Fourth of July celebrations, Helfert would take Plaintiff out on Green Bay on the Sheriff's Department boat. On the boat, Helfert would rape, sexually assault and molest the Plaintiff.

27.  Defendant Helfert also took the Plaintiff on multiple ride-alongs in Sheriff's Department vehicles at night. Defendant Helfert would radio a code that he had a ride-along with him to

dispatch. During the ride-alongs, Defendant Helfert would sexually abuse the Plaintiff in the police vehicle where he would touch the Plaintiff's genitals and force the Plaintiff to touch his genitals.

28.  Plaintiff repeatedly accompanied Defendant Helfert to the Sheriff's Department headquarters, including visits to Helfert's office in the headquarters. During these visits, Defendant Helfert would talk dirty to him and do cavity searches in the sheriff's department office in which Defendant Helfert would touch Plaintiff's genitals and anus.

29.  Throughout this years-long pattern of abuse, Defendant Helfert preyed on Plaintiff's desire to be a police officer. Defendant Helfert told Plaintiff to keep his abuse of Plaintiff a secret so that they could keep doing ride-alongs.

30.  According to criminal complaints filed against him, Defendant Helfert worked as a school resource officer at the Menominee High School from 2003 to 2019. Defendant Helfert was a school resource officer at Blesch Intermediate School when he accosted a 13 year old 6th grade boy during the 2017-2018 school year.  Defendant Helfert was first convicted of Accosting Children for Immoral Purposes, MCL 750-145A-A on October 9, 2020. Defendant Helfert has seen five cases and 24 felony charges related to criminal sexual conduct filed against him between 2020 and 2023. On May 25, 2021, Defendant Helfert was charged with 16 felony charges including 8 counts of first degree Criminal Sexual Conduct, 3 counts of second degree criminal sexual conduct, 3 counts of third degree criminal sexual conduct, 1 count of child abusive activity, and one count of committing/procuring gross indecency between males. He was convicted of Second Degree Criminal Sexual Conduct with a Weapon in December of 2023. He was then convicted of 1st Degree Criminal Sexual Conduct in the First Degree with Multiple Variables, MCL 750.520B on July 18, 2024.

## FIRST CAUSE OF ACTION – CIVIL RIGHTS – SECTION 1983
### All Defendants

31.  Plaintiff incorporates the allegations in each preceding and following paragraph.

32.  The Defendants, acting individually and together, under color of law, engaged in a course of conduct that deprived T.W. of his Fifth and Fourteenth Amendment due process rights, specifically his protected liberty interest to be free from sexual abuse and bodily intrusions by state actors, and including the right to be free from unjustified and excessive force utilized by police; and his Fourth Amendment right to be free from unlawful invasion of bodily integrity through sexual assault, abuse or molestation of his person all as provided for by the United States Constitution and 42 U.S.C. §1983.

33.  At all times material, the Defendants were acting under color of law.

34.  The acts as alleged above amount to a violation of these clearly established constitutionally protected rights of which reasonable persons in the Individual Defendants' positions should have known.

35.  At all relevant times, the Defendants had a duty to prevent sexual assault, abuse and molestation on their premises and in their vehicles, that duty arising under the above-referenced constitutional rights.

36.  At all relevant times, Defendant Marks had the ultimate authority and responsibility to hire, train and supervise the Sheriff's Department employees, subordinates, agents and/or representatives in the appropriate manner of detecting, reporting, and preventing sexual assault, abuse and molestation and as a matter of acts, custom, policy, and/or practice. Defendant Marks knew or should have known of the significant prevalence of sexual misconduct in law enforcement, specifically involving minors. His failure to properly train and supervise Defendant Helfert was so obvious and likely to result in the violation of

11

Plaintiff's constitutional rights that Defendant Marks's failures must be considered a policy of the Menominee County Sheriff's Department that resulted from Defendant Marks's deliberate indifference to the rights of the Plaintiff.

37.    As a matter of custom, policy and/or practice, Defendant Menominee County had the ultimate responsibility and authority to investigate complaints against their employees, subordinates and representatives from all individuals, including, but not limited to students, volunteers, visitors, staff and/or other representatives but failed to do so with deliberate indifference. Menominee County knew or should have known of the significant prevalence of sexual misconduct in law enforcement, specifically involving minors. Its failure to properly train and supervise Defendant Marks and Defendant Helfert was so obvious and likely to result in the violation of Plaintiff's constitutional rights that Defendant Menominee County's failures must be considered a policy of the Menominee County that resulted from Defendant Menominee County's deliberate indifference to the rights of the Plaintiff.

38.    Defendants took no actions to identify, investigate or supervise Defendant Helfert's conduct that should have raised alarms of sexual abuse of the Plaintiff and other minors. Defendants' policies were violated when the Defendants took no actions to address complaints regarding Defendant Helfert's conduct, and engaged in the obstruction and prevention of a proper investigation into Defendant Helfert's misconduct upon being informed of complaints of sexual abuse by Defendant Helfert.

39.    The Defendants' failure to address these actions led to an unknown number of individuals being victimized, sexually assaulted, abused and molested by Defendant Helfert, including the Plaintiff.

40.  At all relevant times, the Defendants, individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for the constitutional civil rights and personal needs of Plaintiff.

41.  By failing to appropriately hire, train and supervise Defendant Helfert, and appropriately investigate and respond to complaints of Defendant Helfert's sexual assault, abuse and molestation of minor children including the Plaintiff, Defendants' actions and failures to act deprived Plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

42.  Defendants Sheriff Marks and Menominee County tolerated, authorized and/or permitted a custom, policy, practice or procedure of insufficient supervision and failed to adequately screen, counsel or discipline Defendant Helfert with the result that Defendant Helfert could violate the rights of persons such as Plaintiff with impunity.

43.   The Defendants' actions were reckless, willful, wanton and malicious.

44.  The acts alleged herein were the proximate cause and cause in fact of Plaintiff's damages and injuries including humiliation, degradation, intimidation, confusion and emotional distress.

## SECOND CAUSE OF ACTION – MONELL CLAIM
### All Defendants

45.  Plaintiff incorporates the allegations in each preceding and following paragraph.

46.  A municipality, such as Menominee County, may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

47.  Defendant Marks and Menominee County, established, condoned, ratified, and encouraged customs, policies, patterns and practices that directly and proximately caused the deprivation

13

of the civil and constitutional rights of T.W., and the damages and injuries described herein.
They did so with deliberate indifference to the rights of Plaintiff. See *Bd of County Comm'rs
of Bryan County v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

48. The police sexual misconduct described above was caused by the policies, practices, and
customs of Defendants, because their employees and agents regularly engaged in a pattern
of police sexual violence including the sexual assault of Plaintiff by Defendant Helfert, the
failure to properly hire, train and supervise Defendant Helfert, and the obstruction and
prevention of a proper investigation into Defendant Helfert's misconduct upon being
informed of complaints of sexual abuse by Defendant Helfert.

49. Menominee County Sheriff's Department through Defendant Marks routinely failed to
supervise and investigate reported complaints of police sexual violence, specifically those
actions and complaints of Deputy Helfert. Deputy Helfert was allowed to engage in a pattern
and practice of sexual violence upon members of the community because Defendants
declined to implement sufficient training or any legitimate mechanism for oversight or
punishment of their officers and agents. Deputy Helfert was notably, unusually "proactive"
in seeking positions to engage with at-risk children, including taking minors on "ride-
alongs" and seeking a position as a school resource officer.

50. The failure to properly hire, train, supervise, investigate and discipline officers was directly
linked to the violation of Plaintiff's constitutional rights. Had adequate hiring, training,
supervision and discipline occurred, Defendant Helfert's grooming and sexual violence
(which occurred over a period of years while Defendant Helfert was actively on duty) would
have been discovered and the sexual assault of Plaintiff would have been prevented.

51. The failure of Defendants and Menominee County to supervise, investigate and discipline Defendant Helfert demonstrates a deliberate indifference to the constitutional rights of Plaintiff and the people of Menominee County.

52. The acts alleged herein were the proximate cause and cause in fact of Plaintiff's damages and injuries.

**THIRD CAUSE OF ACTION – STATE TORT OF ASSAULT AND BATTERY**
**Defendant Helfert**

53. Plaintiffs incorporate and reassert the allegations in each preceding and following paragraphs of this Complaint.

54. Defendant Helfert attempted by an intentional act, or by a show of force or violence, to cause an offensive or harmful physical contact with Plaintiff including but not limited to harmful, offensive and illegal sexual contact, which injured Plaintiff.

55. As a minor, Plaintiff was legally incapable of consenting to the sexual contact.

56. Plaintiff was placed in reasonable apprehension of an imminent threat of physical injury.

57. Defendant Helfert had the present ability to cause the offensive or harmful contact with Plaintiff.

58. Defendant Helfert committed sexual battery by penetrating Plaintiff when he was less than 18-years-old.

59. Defendant Helfert committed sexual battery by fondling Plaintiff's buttocks, genitals and other parts of his body when he was less than 18 years old.

60. Plaintiff was injured as a result of the assaults and batteries.

61. Defendant Helfert's assault and battery of Plaintiff was made possible by the apparent authority of the position he held as a deputy with Menominee County Sheriff's Department and Menominee County.

62. The acts alleged herein were the proximate cause and cause in fact of Plaintiff's damages and injuries.

### FOURTH CAUSE OF ACTION – STATE TORTS OF NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### All Defendants

63. Plaintiffs incorporate and reassert the allegations in each preceding and following paragraphs of this Complaint.

64. Defendant Helfert's actions were the cause-in-fact of Plaintiff's injury and emotional distress, and the risk of injuring Plaintiff was within the scope of duty that was breached by Defendant Helfert's excessive force.

65. Defendants Marks, County and Sheriff's Department assumed a particular duty to take care with regard to Plaintiff by dispatching Deputy Helfert to allow Plaintiff to participate in ride-alongs.

66. Defendant Helfert also had a duty to victims of child abuse as a Sheriff's Deputy.

67. Defendants breached the duty owed to Plaintiff by violating their own policy by allowing an untrained deputy such as Defendant Helfert to interact with and transport Plaintiff with no supervision from a trained child abuse or sex crime detective or any other supervision or oversight.

68. No officer intervened or attempted to stop the breach of duty.

69. Defendant Marks and Menominee County through the Sheriff's Department were vicariously liable for the acts of Defendant Helfert and all deputies involved in the sexual

assault of Plaintiff, and independently negligent for failing to adequately train its deputies and effectively supervise deputies who are in the position of working with and around children.

70.    Defendants were negligent for the lack of supervision that resulted in Defendant Helfert being entrusted with a vulnerable minor child. Defendants also were also negligent by failing to take appropriate action in response to the prior complaints against Defendant Helfert.

71.    Defendants' conduct was extreme and outrageous: knowing that the emotional distress suffered by Plaintiff was severe and ongoing; and Defendants desired or acted with recklessness to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.

72.    Defendants' decision to entrust a deputy with a history of complaints related to abuse of power and sexually predatory behavior, with a minor child who was the victim of a sexual assault, was substantially certain to result in harm.

73.    Defendants' actions were the cause-in-fact of Plaintiff's injuries.

### FIFTH CAUSE OF ACTION – STATE TORT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### All Defendants

74.    Plaintiffs incorporate and reassert the allegations in each preceding and following paragraphs of this Complaint.

75.    In abusing his position of power as a Menominee County deputy to groom and rape Plaintiff when he was less than 18 years old, Defendant Helfert desired to inflict severe emotional distress or was substantially certain that severe emotional distress would occur.

76.    Defendant Helfert's conduct, grooming and raping a child is extreme and outrageous behavior beyond the toleration of reasonable members of society.

77.  Defendant Helfert's actions, establishing a bond with Plaintiff, gaining his trust, and then sexually abusing and raping him, caused and continue to cause Plaintiff severe emotional distress.

78.  Defendant Helfert's infliction of emotional distress on Plaintiff was made possible by the apparent authority of the position he held as a deputy with the Menominee County Sheriff's Department and Menominee County.

79.  The acts alleged herein were the proximate cause and cause in fact of Plaintiff's damages and injuries.

## SIXTH CAUSE OF ACTION – STATE TORT OF FALSE IMPRISONMENT
### All Defendants

80.  Plaintiffs incorporate and reassert the allegations in each preceding and following paragraphs of this Complaint.

81.  Defendant Helfert intended to confine Plaintiff or was substantially certain Plaintiff would be confined when he locked him inside his Menominee County-issued patrol vehicle and confined him in his Menominee County-issued boat.

82.  Defendant Helfert locked the doors of his Menominee County Sheriff-issued vehicle for the purpose of confining Plaintiff inside with him.

83.  Plaintiff had no reasonable means of escape from the locked Menominee County Sheriff-issued vehicle or boat.

84.  Defendant Helfert's false imprisonment of Plaintiff was made possible by apparent authority of the position he held as an officer with the Menominee County Sheriff's Department.

85.  The acts alleged herein were the proximate cause and cause in fact of Plaintiff's damages and injuries.

**SEVENTH CAUSE OF ACTION – FAILURE TO COMPLY WITH STATUTORY DUTIES TO REPORT CHILD ABUSE – MICHIGAN CHILD PROTECTION LAW**
**All Defendants**

86. Plaintiffs incorporate and reassert the allegations in each preceding and following paragraphs of this Complaint.

87. At all times material, Michigan, pursuant to MCL 722.621 et seq. required certain individuals, including law enforcement, who had reasonable cause to suspect child abuse to make an immediate report to the Michigan Department of Health and Human Services, MCL 700.623.

88. The knowing failure to report suspected child abuse subjects any person to civil liability for the damages caused by the failure, MCL 722.633.

89. At all times material, the Defendants knew or should have known and had reasonable cause to suspect the Defendant Helfert's child abuse of the Plaintiff. As such, they had the duty to make an immediate report of Defendant Helfert's child abuse of the Plaintiff to the Michigan Department of Health and Human Services.

90. Defendants' failure to report Defendant Helfert's suspected child abuse subjects Defendants to civil liability for Plaintiff's damages.

91. The Defendants' failure to report suspected child abuse pursuant to their statutory duty as alleged herein were the proximate cause and cause in fact of Plaintiff's damages and injuries.

**EIGHTH CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING AND SUPERVISION**
**Defendants Menominee County, Sheriff Marks**

92. Plaintiffs incorporate and reassert the allegations in each preceding and following paragraphs of this Complaint.

93. Municipal employers have a duty to exercise reasonable care in the hiring, training, and supervision of its employees.

94. As described above, sexual assault committed by officers and deputies is a well-known, recognized concern in the field of law enforcement that requires strict hiring, training and supervision practices to prevent. Menominee County and Sheriff Marks knew or should have known of the prevalence of predatory deputies and officers in the law enforcement community. They also knew or should have known to investigate the background of Deputy Helfert upon being hired to prevent his hire, properly trained him to prevent his predatory behavior before it occurred, and properly supervised his actions so that his predatory behavior would have been prevented and stopped.  The misconduct described above was caused by the policies, practices, and customs of Defendants, because Deputy Helfert was allowed to groom and prey upon minor children with no review, training, oversight or discipline. The Defendants knew or should have known of Deputy Helfert's dangerous propensities to commit his heinous crimes before Deputy Helfert engaged in his predatory behavior.

95. Specifically, Defendants Menominee County and Sheriff Marks failed to properly hire, train and supervise their employees, agents and/or representatives including all deputies and staff regarding the following duties:

    a) Perceive, report and stop inappropriate sexual conduct from Sheriff deputies;

    b) Provide diligent supervision over minor children coming into contact with Sheriff deputies;

    c) Report suspected incidents of sexual abuse and/or sexual assault;

    d)  Allowing minor children to participate in unsupervised ride-alongs with Sheriff deputies;

    e)  Ensure the safety of all staff, volunteers, and visitors including minor children in the custody of Sheriff deputies;

    f)  Properly train staff to be aware of their individual responsibility for creating and maintaining a safe environment.

96. Defendants Menominee County and Sheriff Marks had supervisory authority over Defendant Helfert.

97. Defendant Menominee County and Sheriff Marks failure to adequately supervise or investigate Defendant Helfert regarding his predatory behavior which was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff.

98. Defendant Menominee County and Sheriff Marks failed to train Defendant Helfert regarding inappropriate touching, informed consent and chaperone practices, which was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff.

99. Defendant Menominee County and Sheriff Marks failed to adequately train staff and others regarding the aforementioned duties including the duty to exercise reasonable care in the protection of minor children, which led to violations of the rights of Plaintiff.

100. Without enforcement of a policy, the practice of sending officers with a history of sexually predatory behavior to perform as school resource officers and perform ride-alongs with minor children unsupervised and with no victim advocate, chaperone or trained detective present, constitutes the de facto policy of Defendants as the policymakers with authority acted with deliberate indifference, effectively ratifying further sexual abuse of children at the hands of the Menominee County Sheriff's Deputy Helfert.

101. Furthermore, the practice of allowing untrained and predatory officers to interact with vulnerable minor children was allowed to flourish because Defendants declined to implement sufficient training or any legitimate mechanism for oversight or punishment of officers and agents. Even if there was some response to sexual assault and child abuse policy violations, it clearly was insufficient.

102. The failure to properly train and discipline officers was directly linked to the sexual assault and rape of Plaintiff. Defendants knew or should have known of Defendant Helfert's predatory behavior and did not adequately investigate his misconduct, discipline him for the misconduct, nor provide any further supervision or training before allowing him to interact with Plaintiff.

103. The failure to train, supervise and discipline by Defendants, especially after being put on notice of Defendant Helfert's misconduct is a clear breach of Defendants' duty.

104. The acts alleged herein were the proximate cause and cause in fact of Plaintiff's damages and injuries.

## NINTH CAUSE OF ACTION - GROSS NEGLIGENCE
### Defendants Menominee County and Sheriff Marks

105. Plaintiff restates and incorporates herein all previously stated allegations.

106. As described above, sexual assault committed by officers and deputies is a well-known, recognized concern in the field of law enforcement, the prevention of which requires strict hiring, training and supervision practices. Menominee County, and Sheriff Marks knew or should have known of the prevalence of predatory deputies and officers in the law enforcement community. They also knew or should have known to investigate the background of Deputy Helfert to prevent his hire, properly trained him once hired to prevent his predatory behavior before it occurred, and properly supervised his actions so that his

predatory behavior would have been prevented and stopped.  The misconduct described above was caused by the policies, practices, and customs of Defendants, because Deputy Helfert was allowed to groom and prey upon minor children with no review, training, oversight or discipline.

107.  As such, the Defendants knew or should have known by ordinary care of the danger that could result to Plaintiff by their actions and failures. The Defendants knew or should have known of Deputy Helfert's dangerous propensities to commit his heinous crimes before Deputy Helfert engaged in his predatory behavior.

108.  Had the Defendants exercised ordinary care, Plaintiff's injuries could have been avoided.

109.  The Defendants failed to exercise ordinary care to prevent Plaintiff's injury when it must have been apparent to them that serious injury to the Plaintiff would result.

110.  Defendant Helfert's conduct in sexually assaulting, abusing and molesting Plaintiff in the course and scope of his employment, agency and/or representation of the Defendant Menominee County and Sheriff Marks and under the guise of law enforcement was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff.

111.  Therefore, the Defendants' conduct was so reckless and demonstrated a wilful disregard for substantial risks to Plaintiff's health and safety and constitutional rights as to demonstrate a substantial lack of concern for whether an injury resulted and gross negligence occurred.

112.  The acts alleged herein were the proximate cause and cause in fact of Plaintiff's damages and injuries.

## TENTH CAUSE OF ACTION – VICARIOUS LIABILITY
### Defendant Menominee County and Sheriff Marks

113. Plaintiffs incorporate and reassert the allegations in each preceding and following paragraphs of this Complaint.

114. As recognized by Michigan MCL 600.2956, employers are liable for damages caused in the exercise of the functions  in which they are employed.

115.  An employee acts within the scope of their employment when their conduct is so closely connected in time, place, and causation to his employment-related duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interests.

116. At all times relevant to this Complaint, Deputy Helfert was acting within the course and scope of his employment with Menominee County and Menominee County Sheriff's Department.

117. Officer Helfert was on active patrol when he was on ride-alongs with the Plaintiff, with knowledge provided to Defendants of Plaintiff's presence in the ride-alongs, at which times sexual assault occurred, and initiated contact with Plaintiff consisting of sexual assault.

118. The sexual abuse of Plaintiff by Defendant Helfert occurred while Helfert was in uniform, in a Menominee Sheriff's Department issued vehicle, on Sheriff's duty, and facilitated by his possession of a Menominee County Sheriff's Department issued deadly weapon.

119. Addressing medical needs and supporting child victims, falls within the scope of Menominee County employment as it is a function specifically within the scope of employment and in furtherance of Menominee Sheriff's Department's goals.

120. Defendants Menominee County and Sheriff Marks are liable to Plaintiff for the constitutional violations as well as the negligent and intentional acts and omissions of those

under their direction and control pursuant to Michigan MCL 600.2956 and the doctrine of respondeat superior.

121. The acts alleged herein were the proximate cause and cause in fact of Plaintiff's damages and injuries.

### ELEVENTH CAUSE OF ACTION – INDEMNITY
### Menominee County and Menominee County Sheriff's Department

122. Michigan law, MCL 691.1408 provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable for actions taken in the discharge of their duties that are within the scope of their employment activities.

123. Menominee County operates the Menominee County Sheriff's Department, a law enforcement agency which employed and controlled Defendant Helfert in this case, and was responsible for the hiring, training, supervision and discipline of the officer.

124. While committing the misconduct alleged herein, Defendant Menominee County and Defendant Marks were employees, members, and agents of the Menominee County Sheriff's Department within the scope of their employment.

125. Menominee County is therefore obligated by Michigan statute to pay any judgment entered against their employees, including Defendant Marks and Defendant Helfert and other Menominee County employees found liable.

126. The acts alleged herein were the proximate cause and cause in fact of Plaintiff's damages and injuries.

### TWELFTH CAUSE OF ACTION – EXEMPLARY DAMAGES
### All Defendants

127. Plaintiffs incorporates and reasserts the allegations in each preceding and following paragraphs of this Complaint.

128. Through his criminal sexual activity, Defendant Helfert evinced wanton and reckless disregard for the rights and safety of Plaintiff when he was less than 18-years-old.

129. Through their failure to hire, train, and supervise Defendant Helfert as well as their policies allowing Defendant Helfert to engage in such criminal sexual activity, Defendant Menominee County and Sheriff Marks evinced wanton and reckless disregard for the rights and safety of Plaintiff when he was less than 18 years old.

130. Plaintiff is entitled to exemplary damages regardless of whether or not Defendant Helfert was successfully prosecuted for his criminal acts.

## THIRTEENTH CAUSE OF ACTION – PUNITIVE DAMAGES
### All Defendants

131. Plaintiffs incorporates and reasserts the allegations in each preceding and following paragraphs of this Complaint.

132. Through his criminal sexual activity, Defendant Helfert evinced malicious and/or a wilful disregard of Plaintiff's rights in his behavior towards Plaintiff when he was less than 18-years-old.

133. Through their negligence, gross negligence and other failures to properly hire, train and supervise Defendant Helfert, the remaining defendants also displayed a wilful disregard of Plaintiff's rights in their behavior towards Plaintiff when he was less than 18 years old.

134. As a result of the above-described actions and failures to act, Plaintiff is entitled to punitive damages.

## FOURTEENTH CAUSE OF ACTION – LIQUIDATED AND PUNITIVE DAMAGES PURSUANT TO 18 U.S.C. 2255 – CIVIL REMEDY FOR PERSONAL INJURIES
### All Defendants

135. Plaintiffs incorporates and reasserts the allegations in each preceding and following paragraphs of this Complaint.

136. While a minor, Plaintiff was a victim of violations of 18 U.S. Code §§ 2422.

137. As a result of violations of 18 U.S. Code §§ 2422, Plaintiff suffered personal injury.

138. Pursuant to 18 U.S.C. § 2255, Plaintiff is entitled to actual damages or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

139. In this case, punitive damages are also appropriate.

## <u>RELIEF REQUESTED</u>

Wherefore Plaintiff prays for judgment against Defendants as follows:

a) For an order finding Defendants liable for violations of Plaintiff's civil and constitutional rights;

b) For a judgment against Defendants for all asserted causes of action;

c) For a judgment awarding compensatory damages;

d) For a judgment awarding special damages;

e) For a judgment awarding exemplary damages;

f) For a judgment awarding punitive damages;

g) For a judgment awarding Plaintiff his costs and attorney's fees;

h) For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law; and

i) For all other and further relief as may be necessary and appropriate.

Plaintiff states any and all other causes of action that may become known through a trial of this matter on its merits against any and all other parties which are herein named or which may be added later, and request any and all other damages or remedies which this Court may deem equitable.

27

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.


Dated this 11th day of February, 2025.                **SCHWABA LAW FIRM, LLC**
                                                       Attorney for Plaintiff


                                                       s/ Andrew J. Schwaba
                                                       Andrew J. Schwaba, J.D. (P-80014)
                                                       962 First Street
                                                       Menominee, MI 49858
                                                       (855) 724-9222
                                                       Aschwaba@schwabalaw.com