UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRAVIS WHITNEY,

      Plaintiff,

                                           Case No. 2:25-cv-28

v.

                                           Hon. Hala Y. Jarbou

BRIAN HELFERT, et al.,

      Defendants.

_____/

## OPINION

Plaintiff Travis Whitney brings this lawsuit against Defendants Brian Helfert, Kenny Marks, and Menominee County for constitutional violations under 42 U.S.C. § 1983 and various state law causes of action. (Am. Compl., ECF No. 24.) Whitney claims that Helfert (who is proceeding pro se) sexually assaulted him on multiple occasions between 2013 and 2019, abusing his position of authority with the Menominee Sheriff's Department to do so. (*Id.* ¶¶ 1, 7.) Marks, who was the Sheriff during Helfert's tenure (*id.* ¶ 8), and Menominee County are allegedly liable for Helfert's actions as well.

Before the Court is Marks and Menominee County's motion to dismiss. (ECF No. 30.) For the reasons discussed herein, the Court will grant the motion. As explained below, the Court will dismiss Whitney's federal claims against all defendants and decline to exercise supplemental jurisdiction over the state law claims.

## I. BACKGROUND

Helfert allegedly sexually assaulted Whitney from 2013 to 2019. (Am. Compl. ¶¶ 1, 51.) For much of that time—from 2013 to 2018—Whitney was a minor. (*Id.* ¶ 51.) The alleged facts

detail deplorable abuses of Helfert's position of authority with the Menominee County Sheriff's Department.  Whitney, who had aspirations to join law enforcement, was a vulnerable target.  (*Id.* ¶ 55.)  Helfert would sexually assault Whitney on ride alongs and in the Sheriff Department headquarters.  (*Id.* ¶¶ 52-54.)  The complaint also details Helfert's history of sexual assault, in which he allegedly molested multiple victims through similar patterns of preying on youths, using his positions as a Deputy Sheriff and School Resource Officer to isolate his victims.  (*Id.* ¶¶ 35-49.)

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss under Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017).

**III. ANALYSIS**

Whitney brings federal claims under 42 U.S.C. § 1983 alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights.  He suggests that all defendants are liable for direct deprivations of his rights and under the theory of liability applicable to municipal entities outlined in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  The remaining asserted causes of action—assault and battery; negligence; negligent infliction of emotional distress; intentional infliction of emotional distress; false imprisonment; failure to comply with Michigan child protection laws; negligent hiring, training, and supervision; gross negligence; vicarious liability; and indemnity—arise under state law.

**A. Federal Claims**

Marks and Menominee County argue that Whitney's federal claims are barred by the statute of limitations.  Generally, because a defendant bears the burden to prove entitlement to an affirmative defense, dismissal based on the applicable statute of limitations is often inappropriate in a 12(b)(6) analysis.  *Est. of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013). However, "there is no reason *not* to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law."  *Id.* (emphasis added) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009)).  "The obligation to plead facts in avoidance of the statute of limitations defense is triggered by the fact that 'it is apparent from the face of the complaint that the time limit for bringing the claims has passed.'"  *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).

Even though section 1983 claims arise under federal law, courts "look[] to the law of the State in which the cause of action arose" for the applicable statute of limitations.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Courts apply the limitations period that the state uses for personal-

injury torts.  *Id.*  In Michigan, that limitations period is three years.[1]  *Heard v. Strange*, 127 F.4th

630, 633 (6th Cir. 2025).  Applying the general tolling provision from the state's statute concerning

actions brought by minors, *see Wallace*, 549 U.S. at 394-95 (explaining that state tolling laws

apply to section 1983 claims), even if the tolling extended the time to file by tacking on an extra

year (which is not an intuitive reading of the statute), the limitations period would not exceed four

years.  *See* Mich. Comp. Laws § 600.5851(1) (explaining that if a plaintiff's claim accrues while

they are a minor, they may bring the claim within one year of becoming an adult even if that

claim's limitations period expired); (Am. Compl. ¶¶ 1, 51 (explaining that Plaintiff was no longer

a minor in 2018 and the last instance of assault took place in 2019)).  Because Whitney's claims

accrued as a minor no later than 2018, and as an adult no later than 2019 (Am. Compl. ¶¶ 1, 51),

by the most conservative calculation, his section 1983 claims would be time barred as of January

2024.  Whitney filed his initial complaint on February 11, 2025, after the limitations period

expired.  (Compl., ECF No. 1.)

As discussed above, "if the plaintiff['s] complaint contains facts which satisfy the elements

of the defendant's affirmative defense, the district court may apply the affirmative defense." *Est.*

*of Barney*, 714 F.3d at 926.  The complaint makes clear Whitney's failure to file a section 1983

claim within the prescribed statute of limitations period.  Thus, his section 1983 claims are time

barred and will be dismissed.

---

[1] Plaintiff argues that Michigan's statute creating a separate limitations scheme for allegations of criminal sexual conduct, Mich. Comp. Laws § 600.5851b, should apply.  However, as the Supreme Court made clear in *Wilson v. Garcia*, 471 U.S. 261 (1985), because section 1983 is "a uniquely federal remedy" concerned with uniformity, and it supplements remedies available under state law, even when a state creates a different limitations scheme for certain causes of actions, section 1983 claims still apply the general personal-injury limitations period.  *Id.* at 271-76 ("[T]he statute is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims."); *see also Cargill v. Monroe Cnty. Jail*, No. 24-11659, 2024 WL 4393558, at *3 (E.D. Mich. Oct. 3, 2024) (collecting cases applying a state's general personal injury limitations period rather than a specific statute creating a separate limitations period scheme for sexual assault).

While only Marks and Menominee County filed a motion to dismiss, the affirmative defense applies with equal effect to Helfert.  Whitney's federal claims against Helfer accrued at the same time and are subject to the same limitations period as his claims against Marks and Menominee County.  Because Whitney had an opportunity to respond to the statute-of-limitations argument, and Helfert is in the same position as the moving defendants, the Court will dismiss the section 1983 claims against Helfert on the same grounds.[2] *Cf. Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983) (explaining that sua sponte dismissal against a non-moving defendant is disfavored when the plaintiff has "no opportunity to amend their complaint[] or make legal arguments against the dismissal"); *see also Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1349 (4th ed. 2025) ("[C]ourts occasionally exercise their sua sponte dismissal power to dismiss complaints as to all defendants where only a few have moved to dismiss.").

Whitney's only federal claims against Defendants were brought under section 1983. Because those claims are time barred, they will be dismissed.

### B. State Law Claims

Whitney's remaining claims against all defendants derive from state law causes of action. Because the Court will dismiss Whitney's federal claims, the Court must decide whether to

---

[2] Notably, Helfert did not waive this statute of limitations argument.  Helfert failed to timely assert this affirmative defense in his answer, but given his pro se status and the lack of any indication that he was aware of (1) the proper time to assert this defense, and (2) the existence of this defense, the Court considers the issue merely forfeited rather than waived.  *See Walker v. United States*, 134 F.4th 437, 440-42 (6th Cir. 2025) (distinguishing between waiver and forfeiture by looking at party's understanding of the issue).  The Court can consider this forfeited issue sua sponte. *Id.* at 440 (explaining that a district court can sua sponte consider a statute of limitations defense that was forfeited).

exercise supplemental jurisdiction over the claims arising under state law.  Ordinarily, where the federal claims are dismissed prior to trial, the Court will dismiss the remaining state law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))).

In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)).  Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the interests of judicial economy and avoiding multiplicity of litigation do not outweigh needlessly deciding state law issues.  Should Whitney decide to pursue his state law claims, he has the federal court filings as a starting point.  Michigan courts are well-equipped to handle these state law claims should they arise.  Accordingly, the Court will dismiss Whitney's state law claims without prejudice.  The Court will not exercise supplemental jurisdiction over Whitney's claims against any defendant.

## IV. CONCLUSION

From the face of the complaint, it is clear that Whitney did not file his section 1983 claims within the prescribed statute of limitations period.  Because Whitney had the opportunity to

respond to the statute of limitations argument, and Helfert is in the same position as the moving

parties, the Court will apply its holding to all defendants.  With the federal claims dismissed, the

Court will decline to exercise supplemental jurisdiction over the claims that arise from state law.

The Court will dismiss the state law claims without prejudice, allowing Whitney to file in state

court.

       An order consistent with this Opinion will issue.


Dated: July 31, 2025                                 /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                   CHIEF UNITED STATES DISTRICT JUDGE